

**SIGNED this 29 day of October, 2014.**

_James P. Smith_

**James P. Smith**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| ANN M. DAVIS, | : | |
| Debtor | : | Case No. 14-30349-JPS |
| | : | |
| WILLIAM M. FLATAU, TRUSTEE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 14-3033 |
| GEORGIA BANK & TRUST CO. OF | : | |
| AUGUSTA, | : | |
| | : | |
| Defendant | | |

BEFORE

James P. Smith
United States Bankruptcy Judge

-1-

APPEARANCE:

For Plaintiff:                          William M. Flatau
                                        Katz, Flatau and Boyer, LLP
                                        355 Cotton Avenue
                                        Macon, GA 31201


For Defendant:                          Andrew Nathaniel Byerly
                                        Fidelity National Law Group
                                        4170 Ashford Dunwoody Road
                                        Suite 460
                                        Atlanta, GA 30319

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion For Judgment On The Pleadings which, after notice to and without objection from the parties, the Court treated as a motion for summary judgment pursuant to Bankruptcy Rule 7012 and Fed.R.Civ.P. 12(d).  Plaintiff's motion came on for hearing before the Court on September 15, 2014.  At the hearing the parties consented to this Court entering a final order in this matter.  Defendant has not filed a response to Plaintiff's motion and, in fact, has admitted the relevant facts and legal positions asserted in Plaintiff's complaint.[1]  The Court, having considered the complaint and Defendant's answer, now publishes this memorandum opinion.

## BACKGROUND

The following facts are admitted by Defendant Georgia Bank & Trust Co. of Augusta ("Georgia Bank").  Debtor purchased certain real property on May 27, 2008, with financing from Georgia Bank as evidenced by a note for $96,333, which was secured by a deed to secure debt ("security deed") in favor of Georgia Bank.  The security deed was not attested by an unofficial witness.  Nonetheless, on May 29, 2008, Georgia Bank filed the security deed for recording in the real estate records in Clarke County, Georgia.

## DISCUSSION

The Court's records show that Debtor filed her bankruptcy case on April 3, 2014.  Plaintiff William M. Flatau is the Chapter 7 trustee of Debtor's estate.  In its answer to Plaintiff's complaint, Georgia Bank admits the following legal positions asserted in Count

---

[1]  At the hearing on September 15, 2014, Defendant's counsel stated that he was without authority to consent to judgment on Plaintiff's motion.  Counsel stated that Defendant was hoping to "work something out" with Plaintiff.

I of Plaintiff's complaint.  The security deed in favor of Georgia Bank was not attested by

an unofficial witness as required by state law, is patently defective and, therefore, does

not provide constructive or actual notice of any security interest.  See O.C.G.A. §§ 44-14-

30, 44-14-33, 44-14-61; National City Mortgage v. Gordon (In re Bennett) 520 Fed.

Appx. 828 (11th Cir. 2013); Wells Fargo Bank, N.A. v. Gordon, 292 Ga. 474, 749 S.E. 2d

368 (2013).  Under Georgia law, an unattested security deed is the equivalent to an

unrecorded deed.  Brown v. American General Financial Services, Inc. (In re McArthur),

430 B.R. 300, 304 (Bankr. N.D. Ga. 2010).  Plaintiff, in his position as a hypothetical

bona fide purchaser of real property, "has the power to avoid the transfer of an improperly

attested deed to secure debt."  Stone v. Decatur Federal Savings and Loan Ass'n (In re

Fleeman), 81 B.R. 160, 162 (Bankr. M.D. Ga 1987).  Accordingly, Georgia Bank's lien is

avoidable by Plaintiff and the avoided lien is preserved for the benefit of the estate.  11

U.S.C. §§ 544(a)(3), 551.

In Count II of his complaint, Plaintiff contends that to the extent that Georgia

Bank's lien is avoided, Plaintiff "stands in the shoes" of Georgia Bank with respect to the

lien, and Plaintiff should be considered the holder of the first position security deed in the

property.  While section 551 provides for preservation of the lien for the benefit of the

estate, the lien will be evidenced by an unattested, unrecorded and  unperfected security

deed.  Thus, its enforceability against other liens would be questionable.[2]  The Court,

_____

[2]  "Section 551 cannot be utilized by the trustee to cure defective liens to the
detriment of other properly perfected secured creditors."  In re Appalachian Energy
Industries, Inc., 25 B.R. 515, 517 (Bankr. M.D. Tenn. 1982) (Lundin, J.)  Courts have
consistently held that preservation of an avoided lien puts the estate in the shoes of the
creditor whose lien is avoided but does not improve the estate's position viz-a-viz other

however, need not address the priority of Plaintiff's security deed.  The Court's records

show that Plaintiff has pending, in Debtor's "main" case, a motion for approval of a

settlement agreement[3] with the only other lien holder on the property (as shown in

Debtor's Schedule D - Creditor's Holding Secured Claims) which would provide for

satisfaction of that lien.  Accordingly, judgment on the pleadings is denied as to Count II.

### **CONCLUSION**

Georgia Bank's lien on the property at issue is avoided and the avoided lien is

preserved for the benefit of the estate.  An order in accordance with this opinion will be

entered.

* END OF DOCUMENT *

---

creditors.  Baker v. The CIT Group (In re Hastings), 353 B.R. 513, 520 (Bankr. E.D. Ky.
2006); 5 Collier on Bankruptcy ¶ 551.02 (16th ed 2014).  Generally, an unattested,
unacknowledged or improperly perfected lien that is avoided and preserved is inferior to a
perfected "junior" lien.  In re Hastings, 353 B.R. at 520; In re Lynum, 246 B.R. 537
(Bankr. E.D. Ky. 2000); Bryant v. Secretary, U.S. Dep't of Agriculture, 227 B.R. 89, 92-
93 (W.D. Va. 1998), aff'd 181 F.3d 86 (4th Cir. 1999); Kopel v. Campanile (In re Kopel),
232 B.R. 57, 69-70 (Bankr. E.D. N.Y. 1999); In re Appalachian Energy Industries, Inc.,
25 B.R. 517-18.

[3] Case No. 14-30349, Doc. No. 37.